IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAN J. RAMOS, LAURA POSADAS, TINA WILLIAMS | § § § | |
| Plaintiffs | § | |
| v. | § § | CIVIL ACTION NO. |
| UBER TECHNOLOGIES, INC.; LYFT INC.; | § § § § | |
| Defendants | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

1.  This is an action to enforce the provisions of the American with Disabilities Act (ADA) brought pursuant to the 42 U.S.C. §§ 12181–12189 and more specifically 49 CFR § 37.29. Plaintiff brings this action requesting declaratory and injunctive relief against the Defendants to enforce the provisions of the ADA to ensure equal treatment under the law for disabled consumers of vehicle-for-hire services.

**INTRODUCTION**

2.  Title III of the Americans with Disabilities Act (the ADA) prohibits discrimination based on disability in the full use and enjoyment of the goods, services or accommodations "of any place of public accommodation by any person" who operates such a place of public accommodation. 42 U.S.C. 12182(a). Plaintiffs Posadas, Ramos, and Williams are mobility impaired customers of vehicles-for-hire that require wheelchair accessible vehicles for their transportation needs or other accommodating services. Defendants Uber and Lyft do not provide vehicles-for-hire services to mobility impaired consumers such as Plaintiffs who require wheelchair accessible transportation vehicles or other accommodating services. Uber and Lyft

1

allow their vehicles-for-hire to deny service to the disabled. In addition, Uber and Lyft provide no training or guidance to the vehicles-for-hire that use their service concerning lawfully meeting the needs of disabled consumers.

3.      Therefore, Plaintiffs bring this because Defendants Uber and Lyft have failed to offer services required by the ADA to mobility impaired individuals such as Plaintiffs Posadas, Ramos and Williams.

## JURISDICTION AND VENUE

4.      Plaintiff's complaint arises under the United States Constitution and federal statutes.  This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a) (3) and (4), and 1988.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.      Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7.      Plaintiff Dan Ramos is citizen and resident of San Antonio, Texas.  Plaintiff Ramos is Veteran of the United States Armed Services. Plaintiff Ramos is mobility impaired and requires the use of a wheelchair.  Plaintiff Ramos requires the use of vehicle-for-hire that is wheelchair accessible or that provides other reasonable accommodations. Mr. Ramos is disabled within the meaning of the ADA.

8.      Plaintiff Laura Posadas is a citizen and resident of Houston, Texas. Plaintiff Posadas is mobility impaired and requires the use of a wheelchair. Ms. Posadas requires the use of vehicle-for-hire that is wheelchair accessible or that provides other reasonable accommodations. Ms. Posadas is disabled within the meaning of the ADA.

9. Plaintiff Tina Williams is a citizen and resident of Houston, Texas. Plaintiff Williams is mobility impaired and requires the use of a wheelchair. Plaintiff Williams requires the use of vehicle-for-hire that is wheelchair accessible or that provides other reasonable accommodations. Ms. Williams is disabled within the meaning of the ADA.

10. Defendant Uber Technologies, Inc. is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business located in San Francisco, California. Uber is registered with the Texas Secretary of State and is doing business in Texas. Uber may be served by service on its agent for service National Registered Agents, Inc., 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136.

11. Defendant Lyft Inc. is a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located in San Francisco, California. Although Lyft engages in business in Texas, it has not designated or maintained an agent for service of process, and this suit arose from its business in Texas.

## FACTS

12. Uber operates "vehicles for hire" in San Antonio as defined under CSACO Section 33-003.

13. Lyft operates "vehicles for hire" in San Antonio as defined under CSACO Section 33-003.

14. Uber and Lyft both engage in a demand responsive system as defined by 42 U.S.C. §12181.

15. Uber and Lyft have entered the vehicle-for-hire market in both Houston and San Antonio. Uber and Lyft customers use a smartphone app to locate, schedule, and pay for their travel. Consumers enter into contracts and business relationships whereby Uber and Lyft

transport the consumer(s) to their desired location and the consumer(s) agree to pay for the services with a credit card via their smartphone. These charges may include safety fees, as well as "surcharge pricing" when demand is highest. Uber and Lyft do not comply with local ordinances and regulations and are not authorized or licensed to provide vehicle-for-hire services in either San Antonio or Houston.

16. Plaintiffs Posadas, Ramos and Williams are mobility impaired customers of vehicles-for-hire. They require wheelchair accessible vehicles for transportation or other reasonable accommodating assistance such as assistance with storing their wheelchairs. Under the ADA they may not be denied service.

17. Upon information and belief, Uber does not provide any manner for securing a wheelchair accessible vehicle or providing services at all for customers such as Plaintiffs Posadas, Ramos, and Williams.

18. Upon information and belief, Lyft does not provide any manner for securing a wheelchair accessible vehicle or providing services at all for customers such as Plaintiffs Posadas, Ramos and Williams.

## FIRST CLAIM FOR RELIEF – DISCRIMINATORY AGAINST MOBILITY IMPAIRED CITIZENS

24. The Americans with Disabilities Act (ADA) provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

42 U.S.C. §12184(a). In addition the regulations promulgated to enforce the ADA, by the United States Secretary of Transportations provide that:

4

> Private entities providing taxi service shall not discriminate against individuals with disabilities by actions including, but not limited to, refusing to provide service to individuals with disabilities who can use taxi vehicles, refusing to assist with the stowing of mobility devices, and charging higher fares or fees for carrying individuals with disabilities and their equipment than are charged to other persons.

49 CFR § 37.29.

24. Defendants Uber and Lyft and their service providers, have failed to provide any mechanism by which to serve mobility impaired individuals such as Plaintiffs Posadas, Ramos and Williams or others similarly situated. Uber and Lyft are operating in violation of Plaintiffs' rights as protected by the Americans With Disabilities Act and are entitled to injunctive relief. 42 U.S.C. § 12188.

## **BASIS FOR EQUITABLE RELIEF**

27. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means of securing adequate redress from all of the Defendants' unlawful practices.

28. Plaintiff will continue to suffer irreparable injury from all of the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

## **PRAYER**

Plaintiff respectfully prays that this Court enter Judgment granting Plaintiff:

  a. A declaratory judgment that Defendants Uber and Lyft have violated Plaintiffs' rights as guaranteed by the Americans with Disabilities Act.

  b. Orders of this Court granting Temporary, Preliminary and Permanent Injunction prohibiting Uber and Lyft from operating without adequate accommodation for the mobility impaired community.

    c.  The costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees and expenses, pursuant to 42 U.S.C. § 12205.

    f.  An order of this Court retaining jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court; and

    g.  Such other and further relief as the Court may deem just and proper.

DATED:  June 2, 2014	Respectfully Submitted,

/s/ Jose Garza_____

JOSE GARZA
State Bar No. 07731950
Judith A. Sanders-Castro
State Bar No.
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78205
(210) 392-2856 cell
garzpalm@aol.com

Martin A. Golando
State Bar No. 24059153
Law Office of Martin Golando
115 E. Travis, Suite 1705
San Antonio, Texas 78205
(210)-892-8543 office
(210)-471-1185 cell
Martin.golando@gmail.com

ROLANDO L. RIOS
Attorney at Law
State Bar No. 16935900
115 East Travis, Suite 1645
San Antonio, Texas 78205
(210) 222-2102
(210) 222-2898 Facsimile
rrios@rolandorioslaw.com