IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAN J. RAMOS, LAURA POSADAS, and TINA WILLIAMS, § § § | | |
| Plaintiffs, § § | | |
| v. § § § | | CIVIL ACTION NO. No. 5-14-CV-00502-XR |
| UBER TECHNOLOGIES, INC., and LYFT INC., § § § § | | |
| Defendants. § | | |

**PLAINTIFFS' RESPONSE AND SUBMISSION REQUIRED BY THIS COURT'S ORDER OF JANUARY 14, 2015**

Plaintiffs filed this cause of action alleging violations of the Americans with Disabilities Act against Defendants Uber Technologies, Inc. and Lyft, Inc. on June 2, 2014. On August 14, 2014, both Defendants filed separate motions to dismiss. Briefing on the motions is complete.

On January 14, 2015 the Court entered an order that afforded Plaintiffs the opportunity to either dismiss, without prejudice to re-filing, or submit affidavits or other evidence establishing Plaintiffs' knowledge concerning the availability of accommodating services from Defendants for Plaintiffs' disabilities. Docket no. 35. The Court granted a motion for extension of time and set the deadline for Plaintiffs to make their choice not later than February 2, 2015. Attached to this response are the sworn declarations of the three Plaintiffs which describe and

1

establish their pre-filing knowledge that there was no availability of services for mobility-impaired potential customers of the Defendants. *See* Exhibits 1 (Ramos Declaration), 2 (Posadas Declaration), and 3 (Williams Declaration).

Plaintiff Dan Ramos acquired knowledge before filing this suit that Defendants did not provide service to individuals with disabilities from news reports and conversation with other disabled individuals with whom he traveled. Exhibit 1, ¶ 3. A representative sample of those news reports has been attached to Ramos' declaration. *See* Exhibit 1, Attachments 1, 2, 3.

Plaintiffs Laura Posadas and Tina Williams acquired knowledge before filing this suit that Defendants did not provide service to individuals with disabilities from news reports, fellow disabled individuals with whom they traveled, and their attendance and participation in public hearings involving Uber and Lyft's compliance with the City of Houston's ordinances. Exhibit 2 (Posadas Declaration), ¶ 3 & n.1, 2; Exhibit 3 (Williams Declaration), ¶ 3 & n.1, 2. A representative sample of those news reports has been attached to their declarations. *See* Exhibit 2, Attachments 1, 2, 3; Exhibit 3, Attachments 1, 2, 3. Also attached to the declarations of Posadas and Williams is a slide from a presentation by the Administration & Regulatory Affairs division of the City of Houston stating that Lyft, Uber Black, and Uber X do not provide "disabled access vehicles." *See* Exhibit 2, Attachment 4; Exhibit 3, Attachment 4. The presentation was made and

posted online in advance of the filing of this suit. Exhibit 2, ¶ 3 n.2; Exhibit 3, ¶ 3 n.2.

All Plaintiffs state in their declarations that they did not attempt to use Defendants' services in advance of filing this suit because they knew they would have been denied service. Exhibit 1, ¶ 5, 6; Exhibit 2, ¶ 4, 5; Exhibit 3, ¶ 4, 5. Plaintiffs have been denied service in the past because of their disabilities and would prefer to avoid future denials of service, especially when denial is certain to occur. Exhibit 1, ¶ 6; Exhibit 2, ¶ 5; Exhibit 3, ¶ 5. Plaintiffs would have used Defendants' services if they knew Defendants would accommodate their disabilities. Exhibit 1, ¶ 13; Exhibit 2, ¶ 9; Exhibit 3, ¶ 9. Plaintiffs use transportation services, both public and private, every week or every day. Exhibit 1, ¶ 2; Exhibit 2, ¶ 2; Exhibit 3, ¶ 2. They all use taxi cab services, which are identical to the services Defendants provide.

Plaintiffs' declarations and attachments prove that they had actual knowledge and notice that Defendants did not provide service to disabled individuals. They also prove that, but for this notice, Plaintiffs would have used Defendants' services. Therefore, the Court should deny Defendants' 12(b)(1) motions to dismiss under its January 14, 2015 order. Docket no. 35.

Case 5:14-cv-00502-XR   Document 37   Filed 02/02/15   Page 4 of 5

4

DATED:   February 2, 2015                    Respectfully submitted,

JOSE GARZA
Texas Bar No. 07731950
Judith A. Sanders-Castro
State Bar No. 17595255
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
(210) 392-2856
garzpalm@aol.com

ROLANDO L. RIOS
Attorney at Law
State Bar No. 16935900
115 East Travis, Suite 1645
San Antonio, Texas 78205
(210) 222-2102
(210) 222-2898 Facsimile
rrios@rolandorioslaw.com


/s/__*Jose Garza*____
**JOSE GARZA**
Attorneys for Plaintiffs

4

## CERTIFICATE OF SERVICE

      I certify that on February 2, 2015 a true and correct copy of the foregoing document was served to each person listed below by the method indicated:

<u>VIA EMAIL:</u>

Danny David
Attorney-In-Charge
danny.david@bakerbotts.com
Texas Bar No. 24028267
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-4055
Facsimile: (713) 229-2855


Vicki L. Gillette
Texas State Bar No. 08957325
vgillette@littler.com

Jonathan G. Rector
Texas State Bar No. 24090347
jrector@littler.com

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214.880.8100
214.880.0181 (Facsimile)

                                              <u>/s/ *Jose Garza*</u>
                                              **JOSE GARZA**
                                              Attorney for Plaintiffs