IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAN J. RAMOS, LAURA POSADAS, and TINA WILLIAMS, | § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 5-14-cv-00502-XR |
| UBER TECHNOLOGIES, INC. and LYFT INC., | § § § § | |
| Defendants. | § | |

### DEFENDANT LYFT, INC.'S ADVISORY TO THE COURT

Pursuant to the Court's Order on February 20, 2015, Defendant Lyft, Inc. ("Lyft") files this Advisory to the Court prior to the parties' status conference and hearing set for Tuesday, March 24, 2015.

1. Lyft is unaware of any outstanding jurisdictional issues at this time.

2. Lyft asserts the following defenses to Plaintiffs' claims. To the extent any defense or legal theory may be interpreted as inconsistent, that defense or legal theory is pled in the alternative:

   a. Lyft does not own, lease, or operate a "place of public accommodation" or "public facility" as defined by Title III of the ADA or its enforcement regulations, or Chapter 121 of the Texas Human Resources Code ("THRC").

   b. Lyft does not operate a public transportation service as defined by Title III of the ADA or its enforcement regulations.

   c. Lyft does not operate a demand responsive system as defined by Title III of the ADA or its enforcement regulations.

   d. Lyft does not operate a taxi service as defined by Title III of the ADA or its enforcement regulations.

  e. Lyft is not a "public conveyance" or "public mode of transportation" as defined by Chapter 121 of the THRC.

  f. Lyft does not operate "vehicles for hire" as defined by § 33-003 of the City of San Antonio Code of Ordinances.

  g. To the extent Lyft is subject to Title III of the ADA or Chapter 121 of the THRC, Lyft was at all times in compliance with Title III and Chapter 121 of the THRC.

  h. Plaintiffs have failed to identify or otherwise request an accommodation or modification. To the extent Plaintiffs have identified or requested an accommodation or modification, the accommodation or modification is unreasonable, unduly burdensome and not readily achievable.

Lyft reserves the right to file and serve additional defenses as appropriate.

3. The parties have not yet discussed whether any facts or elements of the cause(s) of action may be agreed upon or stipulated to.

4. Lyft has not yet engaged in discovery with Plaintiffs.

5. Lyft is unaware of any discovery disputes between Lyft and Plaintiffs.

6. Lyft and Plaintiffs have not yet discussed filing a proposed order pursuant to Federal Rule of Evidence 502.

7. Lyft and Plaintiffs have agreed to a resolution of this matter and intend to submit the appropriate papers by which Plaintiffs will dismiss their claims against Lyft with prejudice.

Dated:  March 19, 2015

OF COUNSEL:

Paul R. Elliott
State Bar No. 06547500
paul.elliott@bakerbotts.com
Amy Pharr Hefley
State Bar No. 24046046
amy.hefley@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002
Telephone:  713.229.1234
Facsimile:   713.229.1522

Lauren Tanner Bradley
State Bar No. 24066177
lauren.bradley@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas  78701
Telephone:  512.322.2544
Facsimile:   512.322.3644

Respectfully submitted,

BAKER BOTTS L.L.P.


By: */s/ Danny David*
   Danny David
   Attorney-In-Charge
   danny.david@bakerbotts.com
   Texas Bar No. 24028267
   One Shell Plaza
   910 Louisiana Street
   Houston, Texas  77002
   Telephone: (713) 229-4055
   Facsimile:   (713) 229-2855

*Attorneys for Defendant Lyft Inc.*

Active 18194817

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of March, 2015, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System on all counsel of record.

                                    */s/ Danny David*
                                    Danny David